

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH

| | | |
|---|---|---|
| STEPHEN D. MURPHY and PATRICIA R. MURPHY, *Sui Juris*, each a natural person | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 2:05CV0589 TS BCW |
| v. | ) ) | |
| RONALD A. MARKER, JR. and COWORKERS, *et al*. as *individuals*; IRS (writ of mandamus), UNITED STATES (writ of mandamus) | ) ) ) ) | |
| Defendants. | ) ) | |

## [Proposed]
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On July 12, 2005, this case was initiated by the filing of a document captioned Petition to Quash Summons, Petition for Writ of Mandamus, Demand for a Bill of Particulars, Claim for Personal Damages (the "Petition"). The plaintiffs, Stephen D. Murphy and Patricia R. Murphy, are proceeding pro se.

Attached to the Petition are copies of six IRS summonses and related materials. The summonses are directed to Source One Mortgage Services Corporation, First American Title Company of Texas, Merrill Lynch Trust Company FSB, Nevada Federal Credit Union, North American Mortgage Company, and upon Washington Mutual Bank, F.A. On September 9, 2005, plaintiffs filed an amended petition attaching four additional summonses, directed to Washington Mutual Bank, F.A., Mountain America Credit Union, Weekend Productions, and

1

Belcro Media Ministry.  Each summons seeks financial information about Stephen D. Murphy

and Patricia R. Murphy.

The Petition as amended seeks the following relief:

1.      An order quashing the summonses.  Petition at 7-9.

2.      A bill of particulars "documenting probable cause on the part of the IRS to

proceed with further discovery related to any imputed federal tax liability." Id. at 9.

3.      Monetary damages against the IRS Special Agent (Ronald A. Marker, Jr.) and

coworkers "from his personal pay and assets, and not from the government or from the United

States as Defendant," as a result of an alleged "pattern of harassment, intimidation, violation of

due process (Fifth Amendment), extortion under the color of law (18 U.S.C. §872), and abuse of

legal process (18 U.S.C. §1593)(3))…" id.; and

4.      A writ of mandamus "compel[ling defendants] to cease their unlawful activities to

threaten, stalk, harass, and otherwise oppress the natural and Constitutional rights of the

Plaintiffs in violation of 18 U.S.C. § 1589(3)." Id. at 9-10.

The United States responded to the Petition by filing the United States' Motion for

Summary Denial of Petition to Quash (and Its Incorporated Petition for Writ of Mandamus) and

for Enforcement of Internal Revenue Service Summonses (the "Motion to Dismiss") [Doc. # 7,

filed 9/9/05].  The  United States argues in its Motion to Dismiss, first, that the Petition is a suit

against the United States and that the United States should be substituted for the named

defendants; second, that the plaintiffs' claims against the United States for damages are barred

by sovereign immunity; third, that no individual action against the revenue agents exists under

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); fourth, that the summonses against

Washington Mutual Bank, F.A. and Merrill Lynch Trust Company FSB are proper and should be

enforced, and the motion to quash them should be denied; and, finally, that this is not a proper circumstance for a writ of mandamus.

In response to the Amended Petition, the United States filed its Motion to Dismiss Amendment to Petition to Quash Summons for Lack of Subject Matter Jurisdiction and Petition to Enforce Summonses Served Upon Weekend Productions and Belcro Media Ministry ("Second Motion to Dismiss") [Doc. # 13, filed 10/17/05]. In its Second Motion to Dismiss, the United States argues that the summonses attached to the Amended Petition could not be quashed as the Amended Petition was filed outside of the statutory period in which a summons could be contested.

Plaintiffs failed to respond to either Motion to Dismiss, although plaintiffs did send a letter to IRS Special Agent Marker stating that they would not comply with the summonses served upon Weekend Productions and Belcro Media Ministry [Doc. #15 at Ex. 1, filed 10/17/05]. The Court set the matter for hearing. At the hearing, the United States argued its Motions to Dismiss and Petitions to Enforce to the Court. In response, plaintiffs read a short statement into the record, stating that they wanted to withdraw their Petition and its amendment, and would no longer seek to quash the summonses. Plaintiffs further stated that they had recently filed tax returns for several of the tax years with the IRS. The United States moved again for enforcement of the summonses, regardless of the withdrawal of the unrelated petition to quash those summonses.

## I.    ANALYSIS

The authority of the United States to issue summonses in taxpayer cases is established in 26 U.S.C. § 7602(a):

> For the purpose of ascertaining the correctness of any return,
> making a return where none has been made, determining the liability
> of any person for any internal revenue tax or the liability at law or

3

in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon … any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax … to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, … as may be relevant or material to such inquiry….

The Supreme Court affirmed the authority of the IRS to summon books and records in

United States v. Powell, 379 U.S. 48, 5354 and 5758 (1964), holding:

We … hold that the Government need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process, predicated on more than the fact of reexamination and the running of the statute of limitations on ordinary tax liability.
* * *
Section 7602[, 26 U.S.C.] authorizes the Commissioner to investigate any such [tax] liability. If, in order to determine the existence or nonexistence of fraud in the taxpayer's returns, information in the taxpayer's records is needed which is not already in the Commissioner's possession, we think the examination is not "unnecessary" within the meaning of § 7605(b). Although a more stringent interpretation is possible, one which would require some showing of cause for suspecting fraud, we reject such an interpretation because it might seriously hamper the Commissioner in carrying out investigations he thinks warranted.
* * *
Reading the statutes as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three year statute of limitations has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in

4

writing to that effect. This does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered. At the hearing he "may challenge the summons on any appropriate ground." Nor does our reading of the statutes mean that under no circumstances may the court inquire into the underlying reasons for the examination. It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for ordinary deficiencies has run or that the records in question have already been once examined.

(Internal citations and notes omitted.)

The Tenth Circuit Court of Appeals applied the rule announced in Powell in United

States v. Balanced Financial Management, Inc., 769 F.2d 1440 (10th Cir. 1985), and explained:

The Government sought to enforce the IRS administrative summons to taxpayers ... pursuant to the provisions of 26 U.S.C. § 7602(b).... To enforce the summons the Commissioner of Internal Revenue must meet the standards set out in Powell. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already in the Commissioner's possession, and that the administrative steps required by the Code have been followed.

The burden is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement....

The burden then shifts to the taxpayers. The burden is a heavy one. The taxpayer must establish any defenses or prove that enforcement would constitute an abuse of the court's process. He must prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties. The taxpayer must do more than just produce evidence that would call into question the Government's prima facie case. The burden of proof in these contested areas rests squarely on the taxpayer....

> Allegations supporting a bad faith defense are insufficient if conclusionary. It at this stage the taxpayer cannot refute the government's prima facie Powell showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

Id. at 1443-44 (internal citations and quotations omitted).

The United States submitted the Declaration of Internal Revenue Service Special Agent Ronald A. Marker, Jr. [Doc. # 11, filed 9/9/05] (the "Marker Decl.") in support of its Motion to Dismiss. The United States submitted a Second Marker Declaration in support of its Second Motion to Dismiss [Doc. #15, filed 10/17/05] (the "Second Marker Decl."). The Marker declarations are unrefuted and establish that Special Agent Marker is conducting an investigation to determine the federal income tax liabilities of the plaintiffs which includes inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws for the years at issue (1998 through 2005), Marker Decl., ¶3; that he issued the summonses to Source One Mortgage Services Corporation, First American Title Company of Texas, Merrill Lynch Trust Company FSB, Nevada Federal Credit Union, North American Mortgage Company, Washington Mutual Bank, F.A., Mountain America Credit Union, Weekend Productions, and Belcro Media Ministry in connection with that investigation, Marker Decl. at ¶4, Second Marker Decl. at ¶4; that the summonses were issued in good faith and for the purpose of obtaining information to aid in determining the plaintiffs' tax liabilities and would assist in the investigation into any offense connected with the administration or enforcement of the Internal Revenue laws for the years at issue, Marker Decl. at ¶¶6,9, Second Marker Decl. at ¶¶6,9; that all administrative steps required by the Internal Revenue Code in connection with issuing the summonses were followed, Marker Decl. at ¶¶5,7, Second Marker Decl. at ¶¶5,7; and that the

6

materials summoned are not already in the possession of the IRS. Marker Decl. at ¶¶8, Second

Marker Decl. at ¶8.

Section 7604(a), 26 U.S.C., provides that jurisdiction to enforce a summons under section

7602 lies in the United States district court for the district in which the summoned party "resides

or is found." Similarly, 26 U.S.C. § 7609(h)(1) provides that jurisdiction to determine motions

to quash IRS summonses lies in the United States district court for the district where the party

summoned resides or is found. The unrefuted evidence establishes that only Washington Mutual

Bank, F.A., Merrill Lynch Trust Company FSB, Weekend Productions, and Belcro Media

Ministry lie within the jurisdiction of this Court. Marker Decl. at ¶¶11-14; Second Marker Decl.

at ¶4.

The United States has met its burden to establish a <u>prima</u> <u>facie</u> case for the enforcement

of the summonses to Washington Mutual Bank, F.A., Merrill Lynch Trust Company FSB,

Weekend Productions, and Belcro Media Ministry. The burden therefore shifts to the plaintiffs to

establish a defense to the summonses or that the summonses constitute an abuse of the court's

process. <u>Balanced Financial</u>, 769 F.2d at 1444. Plaintiffs have withdrawn their Petition, and with

it, any argument against the United States' motions to enforce the summonses.

## II.    RECOMMENDATION

For the reasons stated, I respectfully RECOMMEND that the Plaintiffs' oral motion to

withdraw their Petition as amended be GRANTED, that the United States' Motions to Dismiss

be GRANTED and the summonses issued to Washington Mutual Bank, F.A., Merrill Lynch

Trust Company FSB, Weekend Productions, and Belcro Media Ministry be ENFORCED, as

follows:

1.    That plaintiffs' oral motion to withdraw their Petition and its amendment be

GRANTED;

2.     That the United States' Motions for Summary Denial of Petition to Quash be GRANTED;

3.     That the United States' requests to enforce the summonses served upon Washington Mutual Bank, F.A., Merrill Lynch Trust Company FSB, Weekend Productions, and Belcro Media Ministry be GRANTED; and

4.     The United States shall have the appropriate persons review the tax returns provided by plaintiffs, and the United States shall file a motion with the Court within 60 days if further enforcement action is required.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, FED. R. CIV. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this ____ day of ~~February~~ *March*, 2006.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

Respectfully submitted this 22nd day of February, 2006.

PAUL M. WARNER
United States Attorney

JEANNETTE F. SWENT
Assistant United States Attorney

ANTON L. JANIK, JR.
Trial Attorney, Tax Division
Civil Trial Section, Western Region
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
Phone: (202) 353-0300